28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Israel Anele ONWUCHURUBA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70076.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided July 13, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Israel Anele Onwuchuruba ("petitioner") appeals the Board of Immigration Appeals' ("Board" or "BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we affirm.
 
 BACKGROUND
 
 3
 Petitioner, a thirty-six year old native of Nigeria, arrived in the United States in March, 1988, on a two-months' visitor's visa. In February, 1989, petitioner's application for permanent resident status was denied, and he was served with an Order to Show Cause as to why he should not be deported. At the subsequent deportation hearing, petitioner requested asylum and withholding of deportation.
 
 
 4
 The IJ denied petitioner's request for asylum and withholding of deportation and found him deportable as charged. Petitioner appealed the IJ's decision. On December 14, 1992, the BIA dismissed petitioner's appeal after concluding that he failed to establish a well-founded fear of persecution. The Board also concluded that because petitioner failed to demonstrate a well-founded fear of persecution, he necessarily failed to satisfy the higher standard of proof necessary for withholding of deportation.
 
 ANALYSIS
 I. The Asylum Application
 
 5
 We review for substantial evidence the BIA's determination that petitioner did not satisfy the statutory eligibility for asylum in this country. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). The BIA's decision that petitioner had not established a well-founded fear of persecution must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105(a)(4) (1988). Therefore, the decision of the BIA can be reversed only if evidence presented by petitioner was such that "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 112 S.Ct. at 815.
 
 
 6
 To satisfy the statutory eligibility for asylum, petitioner must meet the definition of refugee provided by 8 U.S.C. Sec. 1101. He must demonstrate that he is "unwilling or unable to return to, ... that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42) (Supp.1992). An applicant for asylum demonstrates a well-founded fear of persecution if he establishes that a reasonable person in the same circumstances would fear persecution. Matter of Mogharrabi, Int.Dec. 3028 (BIA 1987).
 
 
 7
 Petitioner's claim for asylum is premised on his fear of mistreatment and possibly death at the hands of the Nigerian government. He alleges that his fear of being persecuted by the government is a result of political activities stemming from his membership in the Ibo tribe which was defeated by the present government of Nigeria in a civil war which occurred 20 years ago. Petitioner points to several specific events which he alleges demonstrate his well-founded fear of persecution.
 
 
 8
 Petitioner asserts that his brother's death, as well as his cousin's abduction and presumed death, inflicted by the Nigerian military are examples of persecution endured by his family in Nigeria. This evidence, however, is not particularly helpful to petitioner's asylum claim. As petitioner concedes, these family members were killed "during the course of the war" as a result of violence inherent in the civil war. A general level of violence present in a civil war does not lend itself to a finding of persecution. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987). More than 20 years has elapsed since the civil war and incidents such as these occurring during that war provide little if any evidence justifying a present fear of persecution.
 
 
 9
 Petitioner also claims that he was arrested and beaten in 1984 after participating in a protest against the present government. Although this fact may create some substantiation of a well-founded fear of persecution, thereafter petitioner was employed by the Nigerian government or in close connection with the government for two years prior to leaving for the United States, without any evidence of persecution. This casts considerable suspicion on his present claim of a fear of persecution.
 
 
 10
 We conclude on the basis of the record before us that there is substantial evidence to support the BIA's decision denying petitioner asylum in this country.
 
 II. Withholding of Deportation
 
 11
 An alien can demonstrate eligibility for withholding of deportation by establishing by a "clear probability" that persecution on account of race, religion, nationality, membership in a particular social group or political opinion would occur in the country designated for deportation. INS v. Stevic, 467 U.S. 407, 416, 430 (1984). The alien must establish that persecution based on one or more of these enumerated statutory grounds is "more likely than not" to occur. Id. at 429-30. To establish eligibility for withholding of deportation, the alien is subjected to a higher standard of proof than is required for an application for asylum. See id. at 424-30.
 
 
 12
 Based on our conclusion that petitioner failed to demonstrate a well-founded fear of persecution, it necessarily follows that he has also failed to prove by a "clear probability" that such persecution would result. See INS v. Cardozo-Fonseca, 480 U.S. 421 (1987).
 
 
 13
 Accordingly, the decisions of the Board of Immigration Appeals are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3